```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _7/28/2021__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GENEVIEVE ZIETEK,

                          Plaintiff,

-against-

PINNACLE NURSING & REHAB CENTER;
NURSE VANESSA; NURSE ANA; CO-
RESIDENT HECTOR ORTIZ-DIAZ; CO-
RESIDENT DAMIEN A. SANTOS; JUSTICE
ROBERT T. JOHNSON; JOAN BRYANT OF
SOCIAL SERVICES AT PINNACLE,

                          Defendants.

21 Civ. 5488 (AT)

**ORDER OF SERVICE**

---

ANALISA TORRES, United States District Judge:

      Plaintiff, currently residing at Pinnacle Multicare Nursing & Rehabilitation Center ("Pinnacle"), brings this *pro se* action, alleging that she was physically and financially abused by Pinnacle staff members and harassed by two co-residents. Plaintiff brings her claims by mailing a 12-page hand-written letter to the Court. In light of her *pro se* status, the Court construes Plaintiff's allegations as asserting claims under the Nursing Home Reform Act ("NHRA"), 42 U.S.C. § 1396r. By order dated July 20, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). ECF No. 5.

      For the following reasons, the Court (1) dismisses without prejudice Plaintiff's claims against Defendants Justice Robert T. Johnson; (2) severs and dismisses without prejudice Plaintiff's claims against Defendants Nurse Vanessa, Nurse Ana, Co-Resident Hector Ortiz-Diaz, Co-Resident Damien A. Santos, and John Bryant of Social Services at Pinnacle; and (3) directs service on Defendant Pinnacle.

## DISCUSSION

I. <u>Standard of Review</u>

The Court has the authority to screen *sua sponte* an IFP complaint at any time and must dismiss the complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Although the law mandates dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (quotation marks and citations omitted).

II. <u>Analysis</u>

A. Claims against Justice Robert T. Johnson

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

2

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, are taken "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff's claims against Justice Robert T. Johnson arise out of the judge's rulings in Plaintiff's guardianship proceedings. Such rulings and actions were within the scope of Justice Johnson's judicial capacity and jurisdiction. The Court therefore dismisses Plaintiff's claims against Justice Johnson under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

Because the Court dismisses the claims against Justice Johnson as frivolous, and not on the merits, it need not address the issue of Plaintiff's competency, *see Denton v. Hernandez*, 504 U.S. 25, 34 (1992) ("[Dismissal of an IFP complaint on ground of frivolousness] is not a dismissal on the merits, but rather an exercise of the court's discretion under the [IFP] statute."), which has been raised by Plaintiff in letters to the Court. While these claims are frivolous, in an abundance of caution, the Court dismisses them without prejudice. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009) (holding that courts should dismiss without prejudice claims of incompetent persons who appear without a guardian *ad litem* or counsel).

3

      B. Sever and dismiss without prejudice claims brought against the remaining individual defendants

Plaintiff brings claims against Nurse Vanessa, Nurse Ana, Joan Bryant of Social Services at Pinnacle, Co-Resident Hector Ortiz-Diaz, and Co-Resident Damien A. Santos (collectively, the "remaining individual defendants"). More specifically, Plaintiff alleges that: (1) Vanessa physically, verbally, and sexually assaulted her; (2) Ana withheld her mail without her knowledge or consent; (3) Bryant defamed her; and (4) Ortiz-Diaz and Santos harassed her because of her race. As discussed below, under Rule 20 and Rule 21 of the Federal Rules of Civil Procedure, the Court severs and dismisses without prejudice Plaintiff's claims against the remaining individual defendants.

Under Rule 20 of the Federal Rules of Civil Procedure, persons may be joined in one action as defendants if: "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Under Rule 21 of the Federal Rules of Civil Procedure, a district court, "on its own, [] may at any time, on just terms, add or drop a party." The Court may also "sever any claim against a party." *Id.* "The power to sever claims is committed to the discretion of the district courts." *Bos. Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co.*, No. 03-CV-3923, 2004 WL 1586429, at *1 (S.D.N.Y. July 15, 2004) (citing *New York v. Hendrickson Brothers, Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988)). In determining whether to sever a claim, the Court considers "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr ex rel. Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (collecting cases).

Plaintiff's complaint primarily concerns her claims against Pinnacle and the alleged financial abuse she suffered at Pinnacle. Because Plaintiff does not allege any facts suggesting that any of the remaining individual defendants was personally involved in her claims against Pinnacle, the claims against the remaining individual defendants do not allege common questions of law and facts and do not arise out of the same series of transactions or occurrences as Plaintiff's financial abuse claims. Thus, joinder would be inappropriate under Rule 20.

Furthermore, Plaintiff's claims against the remaining individual defendants concern events that occurred at different times than the events underlying Plaintiff's claims against Pinnacle. The overlap of witnesses and evidence for these claims, if any, is likely to be minimal. Joinder in this case, therefore, is unlikely to facilitate judicial economy and efficiency. As for prejudice, given the factual and legal differences between Plaintiff's claims against Pinnacle and her claims against the remaining individual defendants, a joint trial could "lead to the confusion of the jury" and therefore prejudice all defendants. *See Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 171 (S.D.N.Y. 2009) (discussing how a joint trial would create a risk of prejudice to defendants in the form of confusion of the jury when the defendants were improperly joined). In contrast, Plaintiff would not be prejudiced by severance since these claims will be dismissed without prejudice and Plaintiff remains free to pursue the severed claims in separate actions.

Because neither the threshold requirements of Rule 20 nor the discretionary considerations relevant to severance are met with respect to Plaintiff's claims against Nurse Vanessa, Nurse Ana, John Bryant of Social Services at Pinnacle, Co-Resident Hector Ortiz-Diaz, and Co-Resident Damien A. Santos, the Court severs and dismisses without prejudice Plaintiff's claims against these five defendants under Rules 20 and 21 of the Federal Rules of Civil Procedure.

      III.      <u>Service on Pinnacle</u>

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Pinnacle through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Pinnacle.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses without prejudice Plaintiff's claims against Justice Robert T. Johnson as frivolous. The Court further dismisses without prejudice Plaintiff's claims against Nurse Vanessa, Nurse Ana, John Bryant of Social Services at Pinnacle, Co-Resident Hector Ortiz-Diaz, and Co-Resident Damien A. Santos under Rules 20 and 21 of the Federal Rules of Civil Procedure.

The Clerk of Court is instructed to issue a summons, complete a USM-285 form with the address for Defendant Pinnacle, and deliver to the U.S. Marshals Service all documents necessary to effect service on the defendant.

SO ORDERED.

Dated: July 28, 2021
      New York, New York

                                             ANALISA TORRES
                                     United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Pinnacle Multicare Nursing and Rehabilitation Center
   801 Co-Op City Blvd.
   Bronx, NY 10475