Case 1:21-cv-05488-AT-JLC   Document 12   Filed 08/11/21   Page 1 of 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/11/2021_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GENEVIEVE ZIETEK,  :
:
                Plaintiff,  :    **ORDER**
:
  -v-  :    21-CV-5488 (AT) (JLC)
:
PINNACLE NURSING & REHAB CENTER, :
:
                Defendant.  :
---------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

*Pro se* Plaintiff Genevieve Zietek has requested the appointment of counsel by letter dated August 1, 2021 (Dkt. No. 11).

The Court does not have a budget to pay appointed counsel in civil cases and has no power to enlist a lawyer to serve without pay.  The Court must be mindful that volunteer attorney time is a precious commodity, and "courts should not grant such applications [for appointment of counsel] indiscriminately." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).  For the Court to order the appointment of counsel, a petitioner must make "a threshold showing of some likelihood of merit." *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989)); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).  Only then can the Court consider the other factors appropriate to the determination of whether counsel should be appointed: "the [petitioner's] ability to investigate the crucial facts, . . . , the

1

[petitioner's] ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Johnston*, 606 F.3d at 42 (citing *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986)).

At this point in the proceedings, the Court denies Zietek's request for the appointment of counsel without prejudice to renewal because the Court cannot conclude based on the current record that her claims are substantial or that she is likely to succeed on the merits.  Accordingly, Zietek should work with the Pro Se Office of the Court for any additional help that she needs, and she should seek to obtain private counsel.  The Pro Se Office may be contacted at:  Pro Se Office, United States District Court, S.D.N.Y., 500 Pearl St, New York, N.Y. 10007, (212) 805-0175.

Plaintiff may also seek assistance by contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, a free legal clinic for those who have brought suit in this Court.  Plaintiff can make an appointment through NYLAG's website (https://nylag.org/pro-se-clinic/), or by calling (212) 659-6190.

Finally, to the extent that Plaintiff wants her claims to be investigated by federal law enforcement, as she suggests in her complaint – in which she says that she is seeking to "charge those violators with crimes," – then she should contact federal law enforcement directly (rather than proceed with a civil lawsuit in federal

court), as the Court has no authority to refer her complaint to any investigative offices. Plaintiff may direct her complaint to the United States Attorney's Office for the Southern District of New York at the following address:

> United States Attorney's Office
> Southern District of New York
> Attn: Chief, Civil Rights Unit
> 86 Chambers Street, 3rd Floor
> New York, New York 10007

She may also call and leave a message on the United States Attorney's Office Civil Rights Complaint Line at (212) 637-0840.

The Clerk is respectfully directed to close docket entry number 11 and mark it as denied without prejudice.

**SO ORDERED.**

Dated: New York, New York
August 11, 2021

_____
JAMES L. COTT
United States Magistrate Judge

**A copy of this Order has been mailed to the following:**

Genevieve Zietek
Pinnacle Multicare Nursing and Rehab Center
Room 1119P
801 Co-op City Blvd.
Bronx, NY 10475-1603