UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GENEVIEVE ZIETEK,

                Plaintiff,

-against-

PINNACLE NURSING & REHAB CENTER,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/2/2022_

21 Civ. 5488 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On June 17, 2021, Plaintiff *pro se*, Genevieve Zietek, brought this action against Defendants Pinnacle Nursing & Rehab Center ("Pinnacle"), raising what this Court construed to be claims under the Nursing Home Reform Act (the "NHRA"), 42 U.S.C. § 1396r, and alleging that she was physically and financially abused by Pinnacle staff members and harassed by two co-residents. Compl., ECF No. 1. On July 28, 2021, this Court issued an order of service, dismissing without prejudice Plaintiff's claims against Defendants Justice Robert T. Johnson, and severing and dismissing without prejudice Plaintiff's claims against Defendants Nurse Vanessa, Nurse Ana, Co-Resident Hector Ortiz Diaz, Co-Resident Damien A. Santos, and John Bryant of Social Services at Pinnacle. Order of Service at 1, ECF No. 7. On August 18, 2021, Plaintiff filed a motion and accompanying declaration seeking reconsideration of the Order of Service. Pl. Mot., ECF No. 19; Pl. Decl., ECF No. 20. For the reasons stated below, Plaintiff's motion for reconsideration is DENIED.

**DISCUSSION**

    I.    Standard of Review

When a party appears *pro* se, the Court must construe their submissions liberally and interpret them to raise the strongest arguments that they suggest. *Triestman v. Fed. Bur. Of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). Despite the solicitude generally offered

*pro se* plaintiffs, they are nevertheless "required to inform themselves regarding procedural rules and to comply with them." *Azkour v. Haouzi*, No. 11 Civ. 5780, 2012 WL 3561071, at *1 (S.D.N.Y. Aug. 17, 2012) (quoting *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995)).

In deference to Plaintiff's *pro se* status, the Court construes her letter as a motion for reconsideration under Local Civil Rule 6.3. Rule 6.3 provides that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion," and shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." A motion for reconsideration should be granted only when the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Thus, "to be entitled to . . . reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001). The movant must also demonstrate that the controlling law or factual matters "might reasonably be expected to alter the court's decision." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002). Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dietrich*, 198 F.R.D. at 399. And motions for reconsideration are "committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enf't*, No. 14 Civ. 6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citation omitted).

II.     Analysis

At the outset, Plaintiff's motion is untimely. Rule 6.3 requires that a notice of motion for

2

reconsideration be served within fourteen days after the entry of the Court's order. The Court's order of service was issued on July 28, 2021, and mailed to Plaintiff on July 29, 2021. Order of Service; Dkt. Entry 7/29/2021. Even if the Court extends Plaintiff's deadline by three days in light of her *pro se* status, any motions for reconsideration should have been filed and served by August 14, 2021. *See Bennett v. Care Correctional Sol. Med. Contracted*, No. 15 Civ. 3746, 2017 WL 4250519, at *2 (S.D.N.Y. Sept. 25, 2017). Plaintiff's motion is dated August 18, 2021, and was docketed on August 23, 2021. Pl. Mot. The untimeliness of the motion alone is a sufficient basis for denying it. *See Bennett*, 2017 WL 4250519, at *2 (collecting cases). But, in deference to Plaintiff's *pro se* status and the short delay between the required deadline and Plaintiff's filing date, the Court will assess Plaintiff's motion on the merits.

The Order of Service dismissed claims against Justice Johnson on the ground of judicial immunity. Order of Service at 2–3. It further severed and dismissed claims against Pinnacle staff members and Plaintiff's co-residents at Pinnacle on the grounds that these claims did not involve common questions of law and facts with Plaintiff's claims against Pinnacle, and that, because these two groups of claims concern events at different times that involve different participants, the overlap of the witnesses and evidence between them is likely to be minimal. *Id.* at 4–5. Plaintiff's motion seeks the reinstatement of all defendants initially named in the complaint and requests that the matter proceed as a class action, rather than pursuing separate actions against the Pinnacle employees and co-residents, as directed by the Order of Service. Pl. Decl. at 1.

Plaintiff does not raise any intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See generally id.* Plaintiff states only that the "violations against [her] are similar and all under Pinnacle's watch," and argues that proceeding as a class action would "simplify things." *Id.* at 2. But as the Court

explained in its Order of Service, "[t]he power to sever claim[s] [and drop a party] is committed to the discretion of the district courts." *Bos. Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co.*, No. 3 Civ. 3923, 2004 WL 1586429, at *1 (S.D.N.Y. Jul. 15, 2005) (citation omitted); *see also* Fed. R. Civ. P. 21.  In making such a determination, the Court considers "the two requirements of Rule 20 [of the Federal Rules of Civil Procedure] and additional factors," including whether severance will promote judicial economy, any prejudice to the parties from severance, and whether the claims involve different witnesses and evidence. *Kehr ex rel. Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008).

      The Court carefully evaluated Plaintiff's claims against Pinnacle, its employees, and other residents, and determined that joinder of the individual defendants in an action against Pinnacle was inappropriate under Rule 20 of the Federal Rules of Civil Procedure.  As discussed by the Court in its Order of Service, first, Plaintiff's claims against Pinnacle staff and co-residents have no factual or legal overlap with her claims against Pinnacle.  Order of Service at 4–5.  Second, Plaintiff has not alleged—either in her complaint, or in the present motion—that individual Pinnacle staff members were personally involved in her claims against Pinnacle. *Id.*  Plaintiff has not pointed to any facts the Court overlooked in coming to these determinations.

      For the same reasons, the Court concluded that the discretionary considerations at issue weighed in favor of severance. *Id.* at 5.  Consolidating all of Plaintiff's claims into one action is unlikely to promote judicial economy or efficiency given the significant differences in the relevant time period, involved parties, and factual and legal bases for the two sets of claims.  And, contrary to Plaintiff's assertion, consolidation and a joint trial of Pinnacle, its staff members, and co-residents could "lead to the confusion of the jury" and prejudice all defendants, given the dissimilarity of the claims against them. *Descovkic v. City of Peekskill*, 673 F. Supp. 2d 154, 171

(S.D.N.Y. 2009) (citation omitted). Because Plaintiff remains free to pursue her claims against Pinnacle staff and co-residents in a separate action, the Court cannot conclude that she will be prejudiced by severance. Again, Plaintiff does not point to facts overlooked by the Court, intervening changes of law, or evidence of manifest injustice that warrant revisiting of the Court's order.

Finally, Plaintiff seeks to move forward as a "class action," but again provides no factual or legal basis for this assertion. Pl. Decl. at 1–2. Plaintiff's complaint did not raise any claims on behalf of a putative class, nor did she allege that anyone besides her was subjected to similar financial and physical abuse, or harassment at Pinnacle. *See* Compl. As Plaintiff "may not raise a new claim, for the first time, in a motion for reconsideration" under Local Rule 6.3, this argument is not properly before the Court. *Snead v. LoBianco*, No. 16 Civ. 9528, 2021 WL 861060, at *2 (S.D.N.Y. Mar. 8, 2021) (citation omitted). Accordingly, there is no basis to conclude that this matter should proceed as a class action.

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motion pending at ECF No. 19, and mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: March 2, 2022
      New York, New York

_____
ANALISA TORRES
United States District Judge