UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GENEVIEVE ZIETEK,

                Plaintiff,

-against-

PINNACLE NURSING & REHAB CENTER,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/2/2022
```

21 Civ. 5488 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Genevieve Zietek, brings this action against Defendant, Pinnacle Nursing & Rehab Center, raising what this Court construes to be claims arising under the Nursing Home Reform Act ("NHRA"), 42 U.S.C. § 1396r. Compl., ECF No. 1. On August 18, 2021, Pinnacle moved to dismiss Plaintiff's complaint. ECF No. 15. For the reasons stated below, Pinnacle's motion is DENIED without prejudice to renewal following a determination of Plaintiff's competency and the appointment, if necessary, of a guardian *ad litem*.

## BACKGROUND

    In this action, Plaintiff, a resident of Pinnacle Nursing & Rehab Center, ("Pinnacle"), alleges that she was physically and financially abused by Pinnacle staff members, and harassed by two co-residents. *See generally* Compl. Among other grievances, Plaintiff claims that Pinnacle filed a guardianship petition in Supreme Court, Bronx County, in order to obtain control over her financial affairs. *Id.* at 4. Plaintiff was then placed under guardianship by the Honorable Robert T. Johnson. *Id.* Plaintiff states that "there was no need for guardianship," and that Pinnacle "took all [her] money," including stimulus payments, without providing her with bank statements or records of how the money was being spent. *Id.* at 4–5.

    On August 18, 2021, Pinnacle moved to dismiss the complaint. ECF No. 15. In support of the motion, Pinnacle filed a copy of the state court order and judgment declaring Plaintiff to

be an "incapacitated person," and appointing the Bronx Community Guardianship Network, Inc., (the "Guardianship Network") as Plaintiff's guardian.  Guardianship Order, ECF No. 16-3. Separately, Plaintiff filed, as an attachment to a letter to this Court, an annual report submitted by the Guardianship Network to Judge Johnson on May 12, 2021, which states, among other things, that Plaintiff "suffers from Psychotic Disorder with Delusions, Major Depressive Disorder as well as Parkinson's Disease," and that Plaintiff "is refusing all psychiatric medications."  ECF No. 4 at 6.  The report further states that Plaintiff "will require psychiatric hospitalization" if she "continues to decompensate."  *Id.*

## DISCUSSION

An "incompetent person normally lacks the capacity to bring suit for [her]self."  *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).  Rule 17(c) of the Federal Rules of Civil Procedure requires the Court to "appoint a guardian *ad litem* . . . to protect a[n] incompetent person who is unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).  The Court's obligations under Rule 17(c) are triggered when there is "actual documentation or testimony" of the plaintiff's mental incompetency.  *Perri v. City of New York*, 350 F. App'x 489, 491 (2d Cir. 2009) (citation omitted).   Where a court has been "presented with evidence from an appropriate court of record . . . indicating that the party had been adjudicated incompetent," it is considered an "abuse of the court's discretion not to consider whether Rule 17(c) applie[s]."  *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003).  And, courts may not reach the merits of a claim of an unrepresented incompetent person "without appointing a suitable representative."  *Berrios*, 564 F.3d at 134.

The Court has reviewed the state court order adjudicating Plaintiff to be an "incapacitated person," and appointing a guardian to handle her financial and legal affairs.  Guardianship Order.

The Guardianship Network report to Judge Johnson, also a state court record, indicates that she suffers from at least two diagnosed mental illnesses, and has in the past refused to take her psychiatric medication. ECF No. 4 at 6. The presence of "evidence from an appropriate court of record" finding Plaintiff to be incompetent, *Ferrelli*, 323 F.3d at 201, therefore, triggers this Court's obligation to inquire into Plaintiff's competency and ability to represent herself in this proceeding before it may reach the merits of her claims, *see James v. New York*, 415 F. App'x 295, 297 (2d Cir. 2011).

The Court, therefore, refers this matter to the Honorable James L. Cott for a determination of whether Plaintiff is legally incompetent under Rule 17(c)(2), and, if necessary, for the appointment of a guardian *ad litem*. If the appointed guardian is not an attorney, the Court further requests that Judge Cott determine whether the appointment of counsel is appropriate. *See Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) (noting that court may decline to appoint counsel for an incompetent person "when it is clear that no substantial claim may be brought on behalf of such party."), *overruled on other grounds*, *Winkleman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Because the Court cannot reach the merits of Plaintiff's claims without a competency determination, Pinnacle's motion to dismiss the complaint is DENIED without prejudice to renewal once it is determined whether Plaintiff may represent herself in this action, or whether she must proceed with the assistance of a guardian *ad litem*.

## CONCLUSION

For the reasons stated above, Pinnacle's motion to dismiss the complaint is DENIED without prejudice to renewal, pending the Court's determination of Plaintiff's competency and the appointment, if necessary, of a guardian *ad litem*. The Court refers this case to Judge Cott for further proceedings in accordance with this Order. The Clerk of Court is directed to terminate the motion pending at ECF No. 15.

SO ORDERED.

Dated: March 2, 2022
New York, New York

ANALISA TORRES
United States District Judge