USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/4/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GENEVIEVE ZIETEK,

              Plaintiff,

    -v-

PINNACLE NURSING & REHAB CENTER,

              Defendant.
-------------------------------------------------------------X

**ORDER**

21-CV-5488 (AT) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

    By Order dated March 2, 2022 (Dkt. No. 42), Judge Torres referred this case to me to determine whether Ms. Zietek is legally incompetent under Federal Rule of Civil Procedure 17(c)(2), and if necessary, to appoint a guardian *ad litem*.

    In order to make such a determination, the Court believes it will be necessary to hold a competency hearing. In preparation for the hearing, the parties are each directed to submit a letter, no later than **March 18, 2022**, regarding how they propose that the Court should proceed with such a hearing. The letter should include the following:

1. A list of witnesses who would testify at the hearing, including but not limited to any medical professionals or social workers who may have information regarding Ms. Zietek's competency, and the nature of their testimony. The Court expects that, at a minimum, Ms. Zietek will testify at the hearing.

1

2. A list of evidence pertaining to Ms. Zietek's competency, including but not limited to any pertinent mental health records and any documents from the Bronx County Supreme Court's guardianship proceedings addressing the issue of Ms. Zietek's mental health, as well as a proposed timeline for obtaining those records and submitting them to the Court.[1]

3. An assessment of what, if any, legal impact the Bronx County Supreme Court's appointment of a guardian has on Ms. Zietek's competency to proceed in this federal case.

4. Whether the hearing can proceed in person at the federal courthouse in Manhattan, or would need to proceed remotely, either by telephone or by video conference.

5. If the Court were to find Ms. Zietek to be incompetent, whether either plaintiff or defendant could identify anyone to serve as a guardian *ad litem* (such as a family member), and whether the guardian appointed by the state court would be willing to serve as a guardian *ad litem* in this case.

The Court wishes to make clear – since plaintiff is proceeding *pro se* – that appointment of a guardian *ad litem* is substantially different from the appointment of pro bono counsel. If a guardian *ad litem* is appointed, the guardian steps into a

---

[1] To the extent such evidence implicates privacy issues regarding the plaintiff, it may be submitted under seal in the first instance, and the Court will then determine whether it should remain under seal.

plaintiff's shoes and has the power to make strategic decisions concerning the litigation without the plaintiff's approval; a guardian *ad litem* is not a plaintiff's assistant or attorney. The guardian *ad litem* has the power to settle the case or to withdraw the case if he or she believes the case to be frivolous or meritless; the guardian can take these steps over a plaintiff's objections because the premise for appointing a guardian is a plaintiff's inability to make decisions for herself. A guardian *ad litem* does not fulfill the same role as plaintiff's attorney, and a plaintiff may have no control over who might be appointed as guardian. The appointment of a guardian *ad litem* would substantially limit plaintiff's role in the case, and it may result in an outcome plaintiff dislikes.

     In addition, the procedure to appoint a guardian *ad litem* may require the disclosure of Ms. Zietek's medical and psychiatric history and may require that she be examined by a psychiatrist or other mental health professional.

Finally, the Court is making inquiries to see if an attorney can be retained to serve in a pro bono capacity to assist Ms. Zietek at the competency hearing. There is no guarantee – or even likelihood – that the Court will be able to find someone to serve – but if an attorney is identified who is willing to take on this limited representation – the Court will appoint counsel promptly and not schedule any hearing until that counsel has gotten up to speed on the case.

**SO ORDERED.**

Dated: March 4, 2022
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

**A copy of this Order has been mailed to the following:**

Genevieve Zietek
Schervier Rehabilitation and Nursing Center
Room 109A
2975 Independence Avenue
Bronx, NY 10463