```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GENEVIEVE ZIETEK,                         :
                                          :
                Plaintiff,                :         ORDER
                                          :
    -v-                                   :         21-CV-5488 (AT) (JLC)
                                          :
PINNACLE NURSING & REHAB CENTER,          :
                                          :
                Defendant.                :
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/27/2022

**JAMES L. COTT, United States Magistrate Judge.**

By Order dated March 2, 2022 (Dkt. No. 42), Judge Torres referred this case to me to make a recommendation as to whether plaintiff Genevieve Zietek is legally incompetent under Federal Rule of Civil Procedure 17(c)(2), and if necessary, whether the appointment of a guardian *ad litem* should be sought. To that end, the Court held a hearing today by videoconference that was intended to assess Ms. Zietek's competency. James Connors, counsel for Defendant Pinnacle Nursing and Rehab. Center, appeared, as did Todd Fishlin, Ms. Zietek's appointed counsel in unrelated state court proceedings in which she has been found to be incompetent and in which a guardian *ad litem* has been appointed. In addition, Ms. Sophia McCann, a social worker who is employed by the Schervier Rehabilitation and Nursing Center ("Schervier"), where Ms. Zietek resides, appeared. Despite multiple court orders directing her to attend, and confirmation from Ms. McCann that she was aware of the court proceeding today but chose not to attend, Ms. Zietek did not appear at the hearing. As discussed at today's hearing, and in order to make the

1

best efforts to develop the record in this case, the Court hereby directs as follows:

1. The Court will hold a further competency hearing over Zoom on **November 16, 2022** at **2:30 p.m.**  Once again, Ms. Zietek is directed to attend.  In addition, the Court directs Ms. McCann and the Medical Director at Shervier, or his designee, to attend.  Mr. Phil Conran at the Bronx Community Guardianship Network, Inc., Ms. Zietek's guardian in state court, or his designee, is also directed to attend the hearing.  These individuals will be asked to testify at the hearing, under oath, regarding Ms. Zietek's competency.

2. The Court will email a Zoom link to Mr. Connors a few days before the hearing.  He is directed to transmit this Zoom link to Schervier, where Ms. Zietek resides, to facilitate Ms. Zietek's attendance at the hearing, as well as the attendance of Ms. McCann and the Medical Director (or his designee).  Mr. Connors will also transmit the Zoom link to Mr. Fishlin, who has graciously agreed to attend the hearing even though he is not counsel of record for Ms. Zietek in this case, in which she continues to proceed *pro se*.  Mr. Fishlin will in turn transmit the Zoom link to the Bronx Community Guardianship Network, Inc., Ms. Zietek's current guardian *ad litem* in state court.

Finally, the Court wishes to emphasize the importance of Ms. Zietek's attendance at the competency hearing on November 16, 2022.  By way of background, it is important that Ms. Zietek understand the implications of the

appointment of a guardian *ad litem* in federal court. When a guardian *ad litem* is appointed, the guardian steps into the plaintiff's shoes and has the power to make strategic decisions concerning the litigation without the approval of the plaintiff; a guardian *ad litem* is not the plaintiff's assistant or attorney. The guardian *ad litem* has the power to settle the case or to withdraw the case if he or she believes the case to be frivolous or meritless; the guardian can take these steps over the plaintiff's objections because the premise for appointing a guardian is plaintiff's inability to make decisions for herself. A guardian *ad litem* does not fulfill the same role as the plaintiff's attorney, and the plaintiff may have no control over who might be appointed as guardian. Unlike in state court proceedings, there is no roster of guardian *ad litems* to serve in federal court proceedings. If the Court determines that a guardian is necessary, the Court will then have to locate one, likely a volunteer attorney. Finally, if appointed, the guardian *ad litem* in this case would only have responsibilities relating to this case and would not have any authority to make decisions or to assist Ms. Zietek in any other cases or claims.

If Ms. Zietek fails to attend the November 16th hearing, and the Court determines that Ms. Zietek is competent, then it may recommend that her lawsuit be dismissed without prejudice for failure to prosecute her case.

**SO ORDERED.**

Dated: October 27, 2022
  New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

3