UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GENEVIEVE ZIETEK,

          Plaintiff,

-against-

PINNACLE NURSING & REHAB CENTER,

          Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/2/2023__

21 Civ. 5488 (AT) (JLC)

**ORDER**

ANALISA TORRES, District Judge:

    On June 17, 2021, Plaintiff *pro se*, Genevieve Zietek, filed this action against Defendant, Pinnacle Nursing & Rehab Center ("Pinnacle"), alleging claims under the Nursing Home Reform Act, 42 U.S.C. § 1396r. ECF No. 1. On August 18, 2021, Pinnacle filed a motion to dismiss the complaint. ECF No. 15. On March 2, 2022, the Court denied Pinnacle's motion without prejudice to renewal, pending the Court's determination of Plaintiff's competency. ECF No. 42. The Court referred this case to the Honorable James L. Cott for a competency determination. *Id.*; ECF No. 44. On October 7, 2022, Judge Cott scheduled a competency hearing for October 27, 2022. ECF No. 66. Plaintiff did not attend. ECF No. 72. Judge Cott rescheduled the competency hearing, *id.*, which was held on November 16, 2022, Dkt. Entry 11/16/2022. On December 13, 2022, Judge Cott issued a Report and Recommendation (the "R&R"), recommending that Plaintiff be found competent, and that Pinnacle be permitted to renew its motion to dismiss. R&R at 1, ECF No. 80. On January 4, 2023, Plaintiff filed an objection to the R&R. ECF No. 84. For the reasons stated below, Plaintiff's objections are OVERRULED. Accordingly, the Court ADOPTS the R&R in its entirety.

## DISCUSSION[1]

I. <u>Standard of Review</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a pretrial matter is not dispositive, the court reviews the R&R for clear error, even if a party timely objects. Fed. R. Civ. P. 72(a); *Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 2 F. Supp. 3d 499, 502 (S.D.N.Y. 2014). A report and recommendation is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

II. <u>Analysis</u>

Plaintiff does not object to any of Judge Cott's findings. Instead, she objects generally to Pinnacle's motion to dismiss, argues that her claims are meritorious, and contends that a magistrate judge does not have the authority to determine competency. ECF No. 84 at 1–2. The only issue presently before the Court is Plaintiff's competency; therefore, the Court shall not consider Plaintiff's arguments regarding the merits of her case.

As Judge Cott acknowledged, R&R at 1 n.1, it is unclear whether a magistrate judge has the authority to rule on a litigant's competency. *See Mil'Chamot v. N.Y.C. Hous. Auth.*, No. 15 Civ. 108, 2016 WL 7756626, at *1 (S.D.N.Y. Dec. 20, 2016), *report and recommendation adopted*, No. 15 Civ. 108, 2017 WL 151626 (S.D.N.Y. Jan. 12, 2017); *United States v. Nunez*, No. 00 Cr. 199S, 2013 WL 1773627, at *1 n.1 (W.D.N.Y. Mar. 8, 2013) (collecting cases), *report and recommendation adopted*, No. 00 Cr. 199S, 2013 WL 1773583 (W.D.N.Y. Apr. 25, 2013). For this reason, Judge Cott issued an R&R rather than an order, as is common practice in this

---

[1] The Court presumes familiarity with the facts and procedural history, as detailed in the R&R, *see* R&R at 2–5, and, therefore, does not summarize them here.

Circuit. *See, e.g.*, *Mil'Chamot*, 2016 WL 7756626, at *1; *Nunez*, 2013 WL 1773627, at *1 n.1. The Court has reviewed the R&R for clear error and finds none.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections to the R&R. Accordingly, the Court ADOPTS the R&R in its entirety. By **February 13, 2023**, Pinnacle may renew its motion to dismiss.

SO ORDERED.

Dated: February 2, 2023
   New York, New York

_____
ANALISA TORRES
United States District Judge